UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81040-CIV-MARRA

HDR ENGINEERING, INC. and
HDR/HARMONY,

    Plaintiffs,

vs.

R.C.T. ENGINEERING, INC.,

    Defendant.
_____/

R.C.T. ENGINEERING, INC.,
    Counter-Plaintiff/Third-Party Plaintiff,

vs.

HDR ENGINEERING, INC. and
HDR/HARMONY,
    Counter-Defendants

vs.

SMITH CONSULTING ENGINEERS INC.,
    Third-Party Defendant
_____/

## OPINION AND ORDER

This cause is before the Court upon Third-Party Defendant Smith Consulting Engineers Inc.'s Motion to Join an Indispensable Party and Motion to Dismiss [DE 66]. The motion is fully briefed and ripe for review. The Court has carefully considered the filings of the parties and is otherwise fully advised in the premises.

## I.  BACKGROUND

Plaintiff HDR Engineering, Inc. ("HDR") undertook the design of a project known as the Biosolids Processing Facility (the "Project"). Amended Complaint ("Am. Compl."), DE 28, ¶¶ 9-11. Instead of completing the Project design in-house, however, HDR subcontracted with Defendant R.C.T. Engineering, Inc. ("RCT") for RCT to perform the architectural, structural, and electrical design work (the "HDR-RCT Subcontract"). Id. at ¶ 12. After the Project design suffered problems and delays, HDR terminated the HDR-RCT Subcontract in September of 2007. DE 66, ¶¶ 24-25. HDR subsequently filed suit against RCT for breach of contract and professional negligence. Am. Compl. ¶¶ 18, 27. Plaintiff HDR/Harmony[1] also sued RCT as an intended third-party beneficiary under the HDR-RCT Subcontract. Id. at ¶¶ 21-22.

RCT responded with a counterclaim against HDR for breach of contract. Counterclaim, DE 32, ¶ 9. RCT also impleaded Third-Party Defendant Smith Consulting Engineers Inc. ("Smith"), a subcontractor RCT employed to perform the electrical design work for the Project. Third-Party Complaint, DE 32, ¶ 7. RCT sued Smith for breach of contract, statutory contribution, and indemnification, claiming that Smith was responsible, in whole or in part, for any damages suffered by HDR. Id. at ¶¶ 14, 20, 23.

Third-Party Defendant Smith now moves to join a nonparty, New

---

[1] HDR/Harmony is a joint venture between HDR Design-Build, Inc. and Harmony, L.L.C. Am. Compl. ¶ 3.

England Fertilizer Company ("NEFCO"), as a necessary and indispensable party. DE 66, ¶ 75. NEFCO was the original general contractor for the Project; NEFCO subcontracted out both the design and construction of the Project to HDR/Harmony (the "Design-Build Contract"). Id. at ¶ 17. Smith asserts that complete relief cannot be afforded among the parties in this case because NEFCO is a party to the Design-Build Contract, and the Design-Build Contract is a "subject of this litigation." Id. at ¶¶ 42-43. According to Smith, because HDR/Harmony requested an upward adjustment of the design and construction fees in the Design-Build Contract with NEFCO, NEFCO owes HDR/Harmony an amount in excess of the Plaintiffs' claimed damages. Id. at ¶¶ 31-33, 39. Smith argues that NEFCO's absence would impair the legal interests of RCT and Smith because they would be prevented from asserting that Plaintiffs have suffered no pecuniary loss. Id. at ¶ 75. Smith also claims that NEFCO's absence would lead to a double recovery by Plaintiffs should they file a subsequent action against NEFCO to collect the equitable adjustment. Id.

In response, Plaintiffs argue that the damages they seek under the HDR-RCT Subcontract are completely separate from the equitable adjustment NEFCO owes them under the Design-Build Contract. DE 75 at 4. Plaintiffs claim that NEFCO's payment is for delays associated in obtaining the building permit. Id. Plaintiffs contend this payment is distinct from the

damages they suffered in the instant action, because these damages were caused by the contractual performance of RCT and Smith *after* the permit was issued. DE 75 at 5.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 19(a)(1) determines when a nonparty must be joined as a necessary party:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). See also City of Marietta v. CSX Transp., Inc., 196 F.3d 1300, 1305 (11th Cir. 1999). If it is not feasible to join a necessary party, it is then up to the court to determine whether, "in equity and good conscience," the action can still proceed, or whether it must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(b) because the necessary party is indispensable.[2] See id.

---

[2] While numerous courts, and the parties' briefs, use the terms "necessary" and "indispensable" interchangeably, Rule 19(a) governs the analysis used in determining whether a party is necessary, and Rule 19b controls the indispensability analysis. See Brown v. Reed Elsevier, Inc., No.

On a motion to join an indispensable party, the burden is on the movant to demonstrate why that party is required. See West Peninsular Title Co. v. Palm Beach County, 41 F.3d 1490, 1492 (11th Cir. 1995); BFI Waste Sys. of N. Am. v. Broward County, 209 F.R.D. 509, 514 (S.D. Fla. 2002). Whether a party is necessary or indispensable under Rule 19 is governed by federal law in diversity cases. See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n.22 (1968); Lone Star Indus., Inc. v. Redwine, 757 F.2d 1544, 1548 (5th Cir. 1985). However, "state-law questions may arise in determining what interest the outsider actually has." Provident, 390 U.S. at 125 n.22. A court may consider competent evidence outside the pleadings in order to evaluate whether a party should be joined. See Citizen Band Potawatomi Indian Tribe v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994); McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960)

### III.  DISCUSSION

Smith first argues that complete relief cannot be accorded among the existing parties due to NEFCO's absence; since NEFCO is a party to the Design-Build Contract, which Smith claims is the "predicate" for Plaintiffs' damages, NEFCO is a necessary party. DE 66, ¶ 35.

Courts have recognized that "a contracting party is the paradigm of an indispensable party." Caribbean Telcoms., Ltd. v. Guy. Tel. & Tel. Co., 594 F.

---

08-81574-CIV, 2009 U.S. Dist. LEXIS 86500, at *9-*10, 2009 WL 3064751, at *3 (S.D. Fla. Sept. 21, 2009).

Supp. 2d 522, 532 (D.N.J. 2009). Parties to a contract are indispensable when a suit concerns the rights and obligations afforded by the contract. See Clinton v. Babbitt, 180 F.3d 1081, 1088 (9th Cir. 1999) (in order to adjudicate an attack on an agreement, a court must have "jurisdiction over the parties to that agreement"); Capitol Medical Center, LLC v. Amerigroup Maryland, Inc., 677 F. Supp. 2d 188, 192-93 (D.D.C. 2010) (finding that seller hospital corporation was a party to a medical services contract and thus indispensable); CP Solutions PTE, Ltd. v. GE, 470 F. Supp. 2d 151, 157-58 (D. Conn. 2007) (dismissing complaint for lack of jurisdiction, as nondiverse company was a "party to a contract which is the subject of the lawsuit"). In the instant case, however, NEFCO is not a party to either the HDR-RCT Subcontract or the RCT-Smith Subcontract, the two contracts at issue in Plaintiffs' complaint and RCT's third-party complaint. See Am. Compl., ¶16; Defendant's Third-Party Complaint, ¶14. In general, a nonparty to a commercial contract "is not a necessary party to an adjudication of rights under the contract." Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1044 (9th Cir. 1983). The same holds true for a nonparty that merely contracts separately with one of the parties already participating in the lawsuit. See Rotec Industries, Inc. v. Aecon Group, Inc., 436 F. Supp. 2d 931, 937-38 (N.D. Ill. 2006) (transport company who contracted separately with crane lessee was not necessary party in suit between lessor and lessee,

even though company may have caused damage to the crane); <u>Marathon Intern. Petroleum Supply Co. v. I.T.I. Shipping</u>, S.A., 740 F. Supp. 984, 987 (S.D.N.Y. 1990) (government agency was not a necessary party in dispute between oil buyer and oil shipper, even though the agency may have breached its contract with oil buyer). The mere fact that NEFCO entered into the Design-Build Contract with Plaintiff HDR/Harmony does not make NEFCO a necessary party for the purposes of according complete relief among the parties in this case.

Smith next argues that NEFCO must be joined because it owes Plaintiffs an amount in excess of their claimed damages. DE 66, ¶ 39. According to Smith, NEFCO owes HDR/Harmony an equitable adjustment in the Design-Build Contract price, stemming from changes and impacts to performance beyond HDR/Harmony's control. DE 66, ¶¶ 36-37. Smith argues that this adjustment fully reimburses Plaintiffs for any problems related to the performance of the HDR-RCT Subcontract, and thus Plaintiffs have not suffered any pecuniary loss. DE 66, ¶¶ 48-49. Plaintiffs dispute this characterization, asserting that NEFCO's equitable adjustment arises from the delay associated with the issuance of the building permit, not from their contracts with the Defendants. DE 75 at 7.

The character or amount of Plaintiffs' alleged damages need not be decided, however, because even if the averments of Smith are accepted, the

Court finds that NEFCO is not a necessary party. Assuming *arguendo* that NEFCO pays HDR/Harmony the equitable adjustment and that this adjustment fully compensates Plaintiffs for any losses they suffered, joining NEFCO is not essential to prove the receipt of this payment. In other words, the fact that a nonparty holds evidence germane to the outcome of a case does not mean that it should be joined. See Johnson v. Smithsonian Inst., 189 F.3d 180, 187-89 (2d Cir. 1999) (in conversion suit by artist's nephew against defendant museum and gallery, non-profit foundation that once held artwork was not a necessary party despite the difficulty of determining the artwork's provenance without the foundation's participation); Costello Pub. Co. v. Rotelle, 670 F.2d 1035, 1043-44 (D.C. Cir. 1981) (in publisher's counterclaim against book marketer, failure to join nonparty publishing company did not warrant dismissal; book marketer's need to obtain evidence from the publishing company for its defense was not a factor bearing on whether the company was necessary or indispensable). Moreover, even if Plaintiffs' claim against NEFCO remains unresolved during the pendency of this lawsuit, Smith will be free to present any relevant and admissible evidence stemming from the dispute between those parties that will mitigate Plaintiffs' damages.  Thus, the dispute between the existing parties can be fully resolved without adjudicating NEFCO's obligations to HDR/Harmony under the Design-Build Contract.  Joining NEFCO is therefore unnecessary to

accord complete relief among the parties.

Smith also argues that NEFCO's interests would be impaired if this case were allowed to proceed in NEFCO's absence. Under Federal Rule of Civil Procedure 19(a)(1)(B), a person claiming an interest relating to the subject of a lawsuit must be joined if proceeding in that person's absence "may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Specifically, Smith claims that in the event Plaintiffs are successful in their suit against Defendants, Plaintiffs could then proceed against NEFCO and obtain an improper windfall in the form of a double recovery. DE 66, ¶¶ 57-60. Smith argues that joining NEFCO prevents any duplicative suits that may be brought by Plaintiffs to collect from NEFCO. See Challenge Homes, Inc. v. Greater Naples Care Center, Inc., 669 F.2d 667, 670 (11th Cir. 1982) (compulsory joinder standard under second part of Rule 19 protects both existing and absent parties from possible prejudice).

Here, however, NEFCO has no contractual rights stemming from either the HDR-RCT Subcontract or the RCT-Smith Subcontract, and NEFCO has not chosen to appear in the instant action. In general, courts are reluctant to join a nonparty for the purpose of protecting that nonparty's interests when the nonparty itself has not claimed an interest in the outcome of a suit. See

9

School Dist. of City of Pontiac v. Secretary of U.S. Dept. of Educ., 584 F.3d 253, 266 (6th Cir. 2009) ("it would turn Rule 19 analysis on its head to argue that the States' interests are now impaired because they declined to participate in this much-publicized case"); United States v. San Juan Bay Marina, 239 F.3d 400, 406-407 (1st Cir. 2001) (when a party "does not deem its own interests substantially threatened by the litigation, the court should not second-guess this determination, at least absent special circumstances"); United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999) ("Joinder is 'contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action.') (quoting Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983)).

Nor does the fact that Plaintiffs may have a cause of action against NEFCO under the Design-Build Contract mean that NEFCO must be joined under Federal Rule of Civil Procedure 19(a)(2)(ii) to prevent duplicative litigation. A plaintiff need not join all the parties against whom it may have a cause of action into one suit; the plaintiff is free to exclude potential defendants if they are jointly liable. See Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V., 391 F.3d 871, 877 (7th Cir. 2004) ("the victim is not required to sue more than one of his oppressors"); Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 411-13 (3d Cir.

1993) (no joinder necessary when plaintiff sued one co-obligor under a contract but did not join the other); United States v. Rutherford Oil Corp., 2009 U.S. Dist. LEXIS 40233, *8-9, 2009 WL 1351794, *3 (S.D. Tex. May 13, 2009) (in Clean Water Act suit, government failure to join other alleged polluters did not prejudice either present defendants or absent polluters); Travelers Indem. Co. v. Losco Group, Inc., 150 F. Supp. 2d 556, 564-565 (S.D.N.Y. 2001) (school was not a necessary party in contractor's suit against school's insurer, despite the risk of inconsistent verdict in separate state court action against the school); Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc., 95 F.R.D. 328, 330-32 (S.D. Ga. 1982) (joint obligors not indispensable in suit based on breach of contract). In this case, NEFCO's ability to defend itself from a subsequent suit is not practically impaired by its absence from the case at bar. If Defendants prevail, Plaintiffs may then seek damages from NEFCO, a suit that, according to Smith's own allegations, Plaintiffs could have brought in the first place. If Defendants lose, and a subsequent suit is brought against NEFCO, NEFCO may be able to prevent a double recovery by showing that Plaintiffs have received payment for their loss from Defendants. Therefore, whatever the outcome of Plaintiffs' suit against Defendants, NEFCO will not be prejudiced.

    For the foregoing reasons, the Court finds that NEFCO is not a necessary party to be joined under Rule 19(a). As such, the Court need not

11

address whether NEFCO is an indispensable party under Federal Rule of Civil Procedure 19(b).

### IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Third-Party Defendant Smith Consulting Engineers Inc.'s Motion to Join an Indispensable Party and Motion to Dismiss [DE 66] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of June, 2010.

_____
KENNETH A.  MARRA
United States District Judge